UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-89-RLV
(5:03-cr-12-RLV-CH-5)

| | | |
|---|---|---|
| **COREY ANTOINE TABOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's two Motions for Reconsideration, (Doc. Nos. 4, 5), in which Petitioner contends that this Court violated Castro v. United States, 540 U.S. 375 (2003), by failing to notify Petitioner that the Court intended to re-characterize Petitioner's filing as a motion to vacate under 28 U.S.C. § 2255 before the Court dismissed it as an unauthorized successive petition. In Castro, the Supreme Court held that a district court may not re-characterize a pro se litigant's filing as his first Section 2255 motion unless the court first informs the litigant of the intent to characterize the filing as such. Castro applies only to a first-filed Section 2255 petition—it does not apply to later-filed petitions. See United States v. Peete, No. 00-cr-15, 2006 WL 2988462, at *1 n.2 (E.D. Wis. Oct. 16, 2006) (Castro does not apply when the defendant has already filed an initial Section 2255 motion). Thus, Petitioner misunderstands the holding of Castro. In any event, the filing that was dismissed as successive was clearly and unequivocally filed as a "Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside or Correct Sentence." In sum, the Court denies Petitioner's motions for reconsideration.

**IT IS THEREFORE ORDERED** that Petitioner's Motions for Reconsideration, (Doc.

1

Nos. 4, 5) are **DENIED**.

Signed: August 14, 2017

Richard L. Voorhees
United States District Judge